Martin F. Casey
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff



JUDGE HOLWELL

**11 CIV 7541**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o DELTA BRANDS, INC.,

        Plaintiff,

    - against -

A.P. MOLLER-MAERSK A/S dba MAERSK
LINES

        Defendants.
-------------------------------------------------------------X



2011 Civ.

**COMPLAINT**

    Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o DELTA BRANDS, INC, by and through its attorneys, Casey & Barnett, LLC, as and for its Complaint, alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA" or "Plaintiff") was and is a corporation with an office and place of business located at 140 Broadway, 40th floor, New York, New York, 10005 and was, as more specifically described below.

3. At all material times, DELTA BRANDS, INC. (hereinafter "DELTA") was and is a corporation with an office and place of business located at 1890 Palmer Avenue, Larchmont, New York 10538 and was the owner of the consignment of Baby Shampoo/Feminine Wash that is the subject matter of this litigation.

4. At all material times, defendant MAERSK LINES (hereinafter "MAERSK" or "Defendants") was and is a corporation with an office and place of business located at 2 Giralda Farms, Madison Avenue, Madison, New Jersey 07940 and was and is doing business within the jurisdiction of this Honorable Court.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6. On or about July 05, 2011 a consignment consisting of 2098 cartons of Baby Shampoo and 1114 cartons of Feminine Wash, laden into container MSKU6054910, then being in good order and condition, was delivered to the M/V THELKA SCHULTE and to Maersk at Ambarli Port, Istanbul, Turkey for transportation to Newark, New Jersey, in consideration of an agreed freight, pursuant to Maersk bill of lading number MAEU862057104, dated Jul 15, 2011.

7. On or about July 15, 2011 the Container was loaded aboard the M/V THELKA SCHULTE and the vessel departed for its intended ports of destination.

8. On or about August 07, 2011 the vessel arrived at Port Newark and discharged the subject container.

9. On or about August 9, 2011 the container was out-gated from the marine terminal to American Cargo Express, who was responsible for draying the container from the marine terminal to its warehouse, located at 545 Dowd Avenue, Elizabeth, New Jersey.

10. On or about August 9, 2011, upon arrival of the container at the ACE warehouse, the container, was opened and found to be empty.

11. The loss of the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, and breach of contract of carriage on the part of the defendant.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between DELTA and IINA, which provided coverage for, among other things, loss or damage to this consignment of Baby Shampoo and Feminine Wash.

13. Pursuant to the aforementioned contract of insurance between DELTA and IINA, monies have been expended on behalf of DELTA to the detriment of IINA due to the damages sustained during transit.

14. As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, IINA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendants.

15. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $30,082.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages in the amount of at least $30,082, together with interests, costs and the disbursements of this action; and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      October 25, 2011
      115-1195

                                        **CASEY & BARNETT, LLC**
                                        Attorneys for Plaintiff

                           By: _/s/ Martin F. Casey_
                                        Martin F. Casey
                                        65 West 36th Street, 9th Floor
                                        New York, New York 10018
                                        (212) 286-0225